**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

——————

No. 25-1153

——————

DANEL OSMIN MILIAN-DIAZ,
                                        Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA

——————————————————

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A215-768-468)
Immigration Judge:  William McDermott

——————————————————

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 2, 2026
Before:  HARDIMAN, FREEMAN, and ROTH, *Circuit Judges*

(Opinion filed: February 9, 2026)

——————

OPINION[*]

——————

PER CURIAM

 Pro se petitioner Danel Osmin Milian-Diaz is a citizen of Cuba.  In October 2024,

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

an immigration judge ("IJ") found Milian-Diaz removable, denied his applications for relief from removal, and ordered his removal to Cuba. Milian-Diaz subsequently appealed the IJ's decision to the Board of Immigration Appeals ("BIA"). In December 2024, the BIA summarily dismissed that appeal for being filed one day too late. Milian-Diaz then timely petitioned us to review that BIA decision.

While this petition for review has been pending, there have been new, material developments in Milian-Diaz's administrative proceedings. Specifically, in March 2025, the BIA issued an interim order that granted his motion to reconsider the BIA's December 2024 decision, vacated that decision, reinstated his appeal, and deemed the appeal timely. And in September 2025, the BIA issued a final decision that upheld the IJ's decision and dismissed Milian-Diaz's appeal on the merits.[1]

When the BIA issues a "subsequent decision [that] substantively alter[s] the *ratio decidendi* in its earlier disposition and operate[s] to vacate the BIA's earlier decision, . . . the petition for review of the earlier decision is without effect because there is no longer any order or decision for the court of appeals to review." *Thomas v. Att'y Gen.*, 625 F.3d 134, 140 (3d Cir. 2010). That situation is present here. Milian-Diaz's petition challenges the BIA's December 2024 decision, but the BIA vacated that decision and issued a new

---

[1] We learned about these material developments on our own; neither party brought them to our attention, even though the BIA's September 2025 decision specifically directed the parties to notify us. *See* BIA Decision entered Sept. 4, 2025, at 1 n.2. We trust that, in future immigration cases, the Government and petitioners will promptly notify this Court of these kinds of developments.

decision that resolved his appeal on an entirely different basis.  Accordingly, we will

dismiss Milian-Diaz's petition for review as moot.  *See id.*; *see also Blanciak v.*

*Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur

during the course of adjudication that . . . prevent a court from being able to grant the

requested relief, the case must be dismissed as moot.").[2]  We note that Milian-Diaz has

not filed a petition for review challenging the BIA's September 2025 decision, and that

the time for him to do so has expired.  *See* 8 U.S.C. § 1252(b)(1) (providing 30-day

petition period).

---

[2] The request for appointment of counsel included in Milian-Diaz's brief is denied.